IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANSYS, INC., | ) |
| | ) |
| | )     2:20-CV-00352-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SF MOTORS, INC., ZHENGPING ZHANG, | ) |
| JAMES TAYLOR, DOES 1 THROUGH 10, | ) |
| | |
| Defendants, | |

OPINION

Plaintiff, Ansys, Inc, brings the within action against Defendants, SF Motors, Inc., Zehengping Zhang, James Taylor, Does 1 through 10, for copyright infringements under 17 U.S.C. §§ 106 and 501 (Counts I, II, II, and IV) and for Breach of Contract (Count V). (ECF No. 1).

SF Motors, Inc. has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(3) for Improper Venue, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. SF Motors also seeks dismissal of Ansys' Breach of Contract Claim. (ECF Nos 11 and 12). In addition, SF Motors has informally moved to transfer this case under 28 U.S.C. § 1404(a). (ECF No. 18). The matter is now ripe for consideration.

Upon consideration of Ansys' Complaint (ECF No. 1), SF Motors' Motion to Dismiss (ECF NO. 11), the respective briefs of the parties (ECF Nos. 12, 14, 18, and 21), and for the following reasons, SF Motors' Motion to Dismiss for Lack of Personal Jurisdiction will be granted. Because the Court will find no jurisdiction in this matter, the Court need not reach a

decision on defense's Motion to Dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or for transfer under 28 U.S.C. § 1404(a). The matter may be re-filed in a court that can maintain jurisdiction over this matter and the Defendants.

I.  **Background**

Ansys is in the business of creating and licensing engineering simulation software. (ECF No. 1 at ¶¶ 17, 23). SF Motors develops and manufactures vehicles. *Id*. at ¶ 6. During 2018 and 2019, SF Motors owned valid licenses for Ansys software products. (ECF No. 1 at ¶ 4). When SF Motors executed a license form for the valid licenses, it agreed to a Software License Agreement (SLA). (ECF No. 14-4). The SLA included a forum selection clause. (ECF No. 1 at ¶ 11). Ansys alleges that, at some point thereafter, SF Motors also began using unlicensed and pirated versions of Ansys' software. *Id*. at ¶ 40. Based upon this unauthorized, illegal, and pirated use, Ansys avers four counts of copyright infringement and one count of breach of contract. *Id*. at ¶¶ 56-75.

SF Motors is a Delaware Corporation with a California corporate address. *Id*. at ¶ 3. Ansys makes no allegations to establish that SF Motors is subject to either general or specific Pennsylvania personal jurisdiction. Instead, Ansys alleges that this Court may exercise personal jurisdiction over SF Motors because of a forum selection clause contained within the terms of the Ansys' Software License Agreement (SLA). *Id*. at ¶ 11.

Ansys alleges that piracy of its software occurs when users access it without the purchase of a valid license. (ECF No. 1 at ¶ 24). In order to prevent illegal copying of its software, Ansys utilizes a security mechanism, which includes license verification technology. *Id*. at ¶¶ 23, 25. Said technology includes Piracy Detection and Reporting

Security Software to identify instances of pirated software in use and to provide that information to software providers like Ansys. *Id.* at ¶ 29.  Software hackers reverse engineer the security mechanism to bypass license enforcement by providing utilities and processes which permit the unauthorized and unlicensed use of the software. *Id*. at ¶ 26. Utilities that mimic license verification technology are referred to as "cracked" licenses. *Id*  Ansys alleges that, even if a "cracked" version of its software is downloaded, pirated users of the software are prompted to accept a click-through version of an SLA before accessing the pirated Ansys software. at ¶ 33.[1]   The language within the click-through version of an SLA also contains a forum selection clause.  The forum selection clause provides as follows:

> The parties hereto consent to the venue and jurisdiction of the federal and state courts maintaining jurisdiction over Washington County, Pennsylvania for purposes of any legal proceedings arising under or relating to this Agreement.

(ECF No.  14-2 at p. 11, ¶ 10(e))

SF Motors argues that such clause in the click-through version of an SLA does not provide a sufficient basis to establish personal jurisdiction for the copyright infringement or breach of contract claims in this case, and it moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.

## II. Discussion

### A. Party Defendants

---

[1] Ansys uses the terms click-through and clickwrap synonymously. Clickwraps are mechanisms that require a user to click on a dialog box, which contains terms and conditions, on a screen in order to proceed. *See Feldman v. Google, Inc.,* 513 F.Supp.2d 229, 236 (E.D.Pa.2007).

In its response to SF Motors' Motion, Ansys stipulates to withdraw its claims against the individual defendants. The Court will therefore dismiss those defendants without prejudice. Hereafter, the only remaining Defendant for consideration in this opinion is SF Motors.

### B. Personal Jurisdiction

A District Court exercises personal jurisdiction according to the law of the state where it sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)). Under Pennsylvania's long-arm statute, the Court may exercise jurisdiction to the fullest extent permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa. C.S. §§ 5322(a)-(b); *Abramson v. Agentra, LLC*, No. 18-615, 2018 WL 6617819, at *4 (W.D. Pa. Dec. 18, 2018). Accordingly, the Court looks to whether, under the Due Process Clause, the defendant has "certain minimum contacts with ... [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316-17 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific jurisdiction. *Helicopteras Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *O'Connor*, 496 F.3d at 317. General jurisdiction applies if the defendant "maintained systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Specific jurisdiction exists if plaintiff's claim "arises from or relates to conduct purposely directed at the forum state." *Id*. To establish specific jurisdiction, plaintiff must prove (1) defendant has purposefully directed his activities at the forum; (2) the plaintiff's claim arises out of or relates to at least one of those specific activities; and (3) the court's exercise of jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. *Id*. (citing *Burger*

4

*King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteras*, 466 U.S. at 414; *Int'l Shoe*, 326 U.S. at 320; *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)).

In addition, a party may consent to personal jurisdiction through a forum selection provision. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). In cases involving forum selection clauses, courts need not engage in a minimum contacts analysis to assess personal jurisdiction. *PNC Bank, Nat'l Ass'n v. Kanaan*, Civ. A. No. 11-7770, 2012 WL 1835534, at *7 (E.D. Pa. May 21, 2012). So long as "forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Burger King*, 471 U.S. at 472 n.14 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Forum selection clauses are "presumptively valid" and must be enforced absent a showing that "enforcement of the clause would violate a strong public policy of the forum." *In re Exide Tech.*, 544 F.3d 196, 218 n.15 (3d Cir. 2008).

However, before by-passing the minimum contacts analysis due to the existence of a forum selection clause, the Court must determine whether parties freely agreed to a valid forum-selection clause by analyzing whether they freely entered into a contract containing the forum-selection clause at issue. *See, e.g. Eisaman Contract Assocs., Inc. v. Smith Sys. Mfg., Co.*, No. 2:17-CV-00061-RCM, 2017 WL 2378123, at *3 (W.D. Pa. June 1, 2017). "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997).

For the purposes of a motion to dismiss under Rule 12(b)(2), "'[T]he burden of demonstrating the facts that establish personal jurisdiction,'" falls on the plaintiff and 'once a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other

5

competent evidence that jurisdiction is proper.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted). In its 12(b)(2) Motion to dismiss for lack of jurisdiction, SF Motors contends that this Court cannot maintain personal jurisdiction because Ansys has not alleged that SF Motors maintains the necessary minimum level of Pennsylvania contacts for a non-resident defendant to be haled into Pennsylvania's courts. The Complaint makes no allegations that SF Motors maintained any minimum contacts with this forum. Ansys does not challenge this position and does not argue in favor of Pennsylvania general jurisdiction. Ansys relies upon the forum selection clause from the 2018 and 2019 license SLA and/or click-through SLA to establish the basis for this Court to obtain personal jurisdiction over SF Motors. (ECF No. 1 at ¶ 11). Ansys argues that, pursuant to the forum selection clause, SF Motors allegedly agreed to the sole and exclusive jurisdiction in a state or federal court maintaining jurisdiction over Washington County, Pennsylvania. *Id.*

Ansys has produced documents purporting to contain the SLA and license forms associated with the 2018 and 2019 legally purchased software. Ansys asserts that through these forms, SF Motors' consented to the forum selection clauses. In addition, Ansys also alleges that the click-through process within the pirated versions of Ansys' software prompted users to "agree to" an SLA before users could access the software. (ECF No. 14-2 through 14-4). The language within the pirated click-through SLA provides that a user receives a license "by clicking the I AGREE button." (ECF No. 14-3 at p. 3).

Before personal jurisdiction can be established through a forum selection clause, the forum selection clause must meet the normal requirements of contract law. *Churchill Corp. v. Third Century, Inc.*, 396 Pa. Super. 314, 322, 578 A.2d 532, 536 (1990); see also *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965) (a forum

selection clause is not enforceable where the parties did not freely agree to the clause). "It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration, or mutual meeting of the minds." *McIlwain v. Saber Healthcare Grp., Inc.*, LLC, 2019 PA Super 122, 208 A.3d 478, 485 (2019) (quoting *Walton v. Johnson*, 66 A.3d 782, 786 n.3 (Pa. Super. 2013). Third Circuit case law directs the Court to use state law to determine the scope of a forum selection clause—that is, "'whether the claims and parties involved in the suit are subject' to the clause." *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 180 (3d Cir. 2017).

      As regards the forum selection clauses within the 2018 and 2019 purchased licenses, SF Motors agreed to an SLA when it purchased the licenses and executed the license forms for its legitimate use of Ansys' software. Those SLAs and the forum selection clauses contained therein apply to those purchased licenses for SF Motors to access and use Ansys' Software. These 2018 and 2019 license forms produced by Ansys (ECF No. 14-3) only concern the contracts for purchase of the licenses. Ansys does not make any claims in this case regarding said licenses or the SLAs associated with said purchases. Thus, the forum selection clauses from said license purchases do not provide any basis to confer personal jurisdiction over SF Motors for the claims within the instant Complaint. Thus, the allegations about the forum selection clause from the 2018 and 2019 license purchases and the documents concerning the same do not satisfy Ansys' burden to establish personal jurisdiction in this case.

      Next, Ansys contends that it can establish personal jurisdiction over SF Motors through the forum selection clauses within the pirated software click-through SLAs. To establish personal jurisdiction, Ansys must provide sufficient allegations and/or proof that the pirated software click-through SLA forum selection clause is a valid and enforceable contract. In its Complaint, Ansys alleges in its infringement claims and in its breach of contract claim that

Defendants illegally downloaded and/or pirated versions of Ansys Software without authorization or payment to Ansys as required by the click-through SLA. (ECF No. 1 at ¶¶ 73-74). As regards the alleged pirated software click-through SLA, the Complaint does not identify the essential terms of the SLA that were allegedly breached, or the duties imposed upon the parties by the SLA, or any alleged promises made between the parties, or any meeting of the minds, and/or any consideration exchanged between the parties. Further, the documents submitted to support the jurisdiction issue for the pirated software do not establish the essential elements to support a valid and enforceable contract. As such, the forum selection clause allegedly contained within the alleged pirated click-through SLA does not establish Pennsylvania personal jurisdiction over SF Motors for the claims set forth in the present Complaint.

      Most significant to Ansys' failure to establish personal jurisdiction is the lack of consideration. The Complaint only addresses SF Motors' unlicensed, pirated, and/or illegal access to Ansys' Software. The click-through SLA provides for both payment to the licensor and the receipt of a license when the user clicks the "I Agree" button. (ECF No. 14-3 at pp. 3 and 4). Ansys has alleged an unlicensed and unauthorized use of its software without payment; and, because it allegedly pirated the software, SF Motors did not receive a license. These allegations and facts do not support any exchange of consideration between the parties. Accordingly, under these circumstances, any pirated click-through version of the SLA that SF Motors may have clicked "I AGREE" was without consideration. Therefore, no valid contract was formed that could support enforcement of the click-through forum selection clause. Accordingly, without an enforceable forum selection clause, Ansys has not met its burden to support personal jurisdiction in Pennsylvania over the defendants in this matter.

Given the legal framework and burdens under a Rule 12(b)(2) motion and considering that the parties had the opportunity to present additional evidence outside the pleadings in support of their respective positions, the Court concludes that granting leave to amend is not warranted in this case. *See e.g. Finarelli v. Monsanto Co.*, No. 3:19-CV-178, 2019 WL 4547065, at *7 (M.D. Pa. Sept. 19, 2019). Ansys had an opportunity to present additional jurisdictional evidence with its responsive briefs, request an evidentiary hearing, and/or request jurisdictional discovery. The Court has proceeded on the record presented and has concluded that the facts do not support Ansys' assertion that SF Motors is subject to the jurisdiction of this Court in this case. As all jurisdictional issues have been considered upon the record and under the 12(b)(2) framework, allowing Ansys leave to amend would be futile.

### III. Conclusion

Following consideration of SF Motors' Motion to Dismiss (ECF NO. 11), the respective briefs of the parties (ECF Nos. 12, 14, 18, and 21), and for the foregoing reasons, SF Motors' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) will be granted. Because the Court will find no jurisdiction in this matter, the Court need not reach a decision on improper venue under Fed. R. Civ. P. 12(b)(3), on failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motion to transfer under 28 U.S.C. § 1404(a). The matter may be re-filed in a court that can maintain jurisdiction over this matter and the Defendants. A separate order will follow.

BY THE COURT:

Dated: January 4, 2021

Marilyn J. Horan